**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0062-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VAN E. HUNTER,

     Defendant-Appellant.

_____

Submitted November 7, 2019 – Decided January 3, 2020

Before Judge Koblitz and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 12-03-0320.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Dana R. Anton, Senior Assistant Prosecutor, on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals the July 17, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On June 29, 2012, defendant pled guilty to an amended charge of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7). In accordance with the plea agreement, on August 24, 2012, defendant was sentenced to a 365-day flat sentence which resulted in the dismissal of four other charges, including a charge of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4).

In December 2015, defendant was charged in two separate indictments with robbery. He applied to drug court, but his application was denied because of his prior aggravated assault conviction.

Defendant filed a timely petition for PCR asserting he was denied effective assistance from his trial counsel because she did not advise him that by entering the guilty plea to aggravated assault, he would be automatically barred from entry into drug court if he committed crimes in the future. Defendant argued that had he known his conviction would have prevented drug court admission he would not have pled guilty. This lack of information, he asserted, is prima facie evidence of ineffective assistance of counsel and he is

entitled to a hearing to address the merits of his petition.  His petition was denied without a hearing.  This appeal followed.

On appeal defendant argues:

> POINT ONE
> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING THE SUBSTANCE OF THE LEGAL ADVICE PLEA COUNSEL PROVIDED TO DEFENDANT REGARDING THE LONG-TERM CONSEQUENCES OF HIS GUILTY PLEA AND HOW IT WOULD IMPACT HIS FUTURE INTO THE DRUG COURT PROGRAM.

Claims of ineffective assistance of counsel are governed by the standards set forth in Strickland v. Washington.[1]  See State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland standard in New Jersey).  For a defendant to establish a prima facie case of ineffective assistance of counsel under Strickland, the defendant must show that defense "counsel's performance was deficient," and that "there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  State v. Preciose, 129 N.J. 451, 463-64 (1992) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)); see also State v. Allegro, 193 N.J. 352, 366 (2008).

---

[1]  Strickland v. Washington, 466 U.S. 668, 687 (1984).

A-0062-18T2

"'The first prong of the [Strickland] test is satisfied by a showing that counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case.'" Allegro, 193 N.J. at 366 (quoting State v. Castagna, 187 N.J. 293, 314 (2006)). To prove the second prong of Strickland, a defendant must prove "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 367 (quoting State v. Loftin, 191 N.J. 172, 198 (2007)). The second prong is "an exacting standard: '[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached.'" Ibid. (quoting Castagna, 187 N.J. at 315).

Applying this standard, we reject defendant's arguments. First, we recognize a defendant needs to be informed of certain consequences as a result of the entry of a plea. In State v. Heitzman, 107 N.J. 603, 604 (1987), our Supreme Court held that a "defendant need be informed only of the penal consequences of his plea and not the collateral consequences . . . ." In State v. Bellamy, 178 N.J. 127, 138-39 (2003) (quoting Heitzman, 107 N.J. at 606 (Wilentz, C.J., dissenting)), the court approved of Chief Justice Wilentz's observation in Heitzman, whether a defendant should be advised of "'certain consequences of a guilty plea should

4

not depend on ill-defined and irrelevant characterizations of those consequences.'" In State v. Nunez-Valdez, 200 N.J. 129, 138 (2009), the court noted we treat deportation similar to a penal consequence that requires notice to defendant. All of these cases are strung together by one common thread, they are all concerned with the consequences of the underlying conviction.

We find no support for the proposition that a defendant must be advised of the potential consequences of future criminal activity. Whether one will be foreclosed from a potential diversionary program in the event of a future crime is far different from being exposed to additional loss of liberty or rights as a result of a crime already committed. Holding otherwise would add to a counsel's duties an obligation to advise on a plethora of consequences which have no logical stopping point.

Second, to invalidate a guilty plea based on ineffective assistance of counsel, a defendant must demonstrate "that 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. DiFrisco, 137 N.J. 434, 457 (1994) (citations omitted) (alteration in original).

We agree with the PCR judge that because defendant was otherwise facing a trial on four additional charges including a second-degree charge that would

have exposed him to a much more serious sentence, it was unlikely the drug court knowledge would have prevented him from entering the plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION